ACCEPTED
04-15-00114-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
5/21/2015 1:25:45 PM
KEITH HOTTLE
CLERK

**From,**

Hari Prasad Kalakonda
Latha Kalakonda
5002, Newcastle Ln,
San Antonio, Texas – 78249
Tel: 210 687 4988
email: smfoodmart@yahoo.com

Date: May 20th, 2015

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
5/21/2015 1:25:45 PM
KEITH E. HOTTLE
Clerk

**To**

Mr. Keith E. Hottle
Clerk of Fourth Court of Appeals
Cadena-Reeves Justice Center
300, Dolorosa, Ste. 3200
San Antonio, TX - 78205

Ref: Cause No: 04-15-00114-CV, *Hari Prasad Kalakonda and Latha Kalakonda v. Aspri Investments, LLCs.* –Additional information related to appeal related cause numbers: 2014-CI-16394 and 2015-CI-01910.

Dear Mr. Hottle,

We are writing this letter to inform you that there were some additional developments that occurred after the appeal was filed for cause number: 2014-CI-16394 (C1) which necessitated the inclusion of records from cause number 2015-CI-01910 (C2) for the appeal process to be complete. Here is a brief summary of reasons.

In both the causes the parties are the same as in the appeals cause and core issues are the same. The issues are lease agreement (lease) between the parties,

arbitration, and confirmation of arbitration and post arbitration actions of the landlord. Aspri Investments, LLC (Aspri) is the land lord and Hari Prasad and Latha Kalakonda (Kalakondas) are the tenants who used to run the business of convenience store with gas at the location leased. The parties are bound by an arbitration clause for all the disputes related to the lease.

The parties went through arbitration as required by the lease for alleged breaches, with claims and counter claims. The arbitrator awarded around $66,000 to Aspri and gave Kalakondas 30 days (up to November 10th 2014) to pay without interest or pay a 6% interest after 30 days (after November 10th 2014). Arbitrator denied Aspri's claims in the arbitration to terminate the lease and take possession of the premises.

While Kalakondas were recovering from the award and planning to make the arrangements for payments, Aspri terminated the lease on October 24th 2014 preemptively without notice for the reason of nonpayment of arbitrator's award. Aspri also ordered eviction through a letter asking Kalakondas to leave the premises within three days (letter received on October 27th 2014) i.e., by November 1st 2014. Kalakondas immediately responded saying that, Aspri's actions were neither as per the lease nor as per the arbitrator's award and requested them to review their decision. Kalakonda's have also notified Aspri that they are not waiving any of their rights and will be claiming damages by filing for an arbitration which was the only platform available to address this issue as per lease. Aspri stood by its wrong decision and asked Kalakondas to leave the premises promptly.

Kalakondas' choices were limited. One is to get forcefully sent out like Aspri's other tenants like Maryam Begum Afeef and Tony Afeef (*Aspri Investments, LLC v.*

*Afeef*, No. 04-10-00573-CV) and get insulted before the public whom they know for years as customers or follow the orders and avoid violence. Kalakondas' have no intent to leave the premises until at least the lease is over on February 28th 2017. Kalakondas also did not make any claim for termination of lease during the first arbitration. The income from the convenience store is the source of income Kalakondas have relied on for years for living and is the only source for payment of arbitration award and other debts accumulated to defend themselves during the arbitration. Due to loss of main source of income Kalakondas' have to defend themselves as *pro se* which otherwise they would have by an Attorney as they did in arbitration or Kalakondas would not have been here as they would have paid the arbitration award and continued to do their business.

While doing all these, Aspri filed a petition and another amended petition with the district court for confirmation of the arbitration award and pleaded the court for termination of the lease and possession of the premises which the arbitrator has explicitly denied in the arbitration. However these are the claims subject to arbitration and not in the purview of the courts, to decide. While answering the petition Kalakondas have brought to the notice of the court that Aspri is asking for confirmation of an award that was breached or violated by them first, by terminating the lease and taking possession of the premises. No claims and counter claims were made, no relief was requested, no discovery was made by Kalakondas and no hearing was conducted by the court to hear any of the issues other than the confirmation of the award during the confirmation hearing process. Subsequently the court confirmed the award. This is all about cause 2014-CI-16394 (C1).

Meanwhile Kalakondas have notified Aspri about their intent to arbitrate lease termination and all other claims that they preserved rights for during their earlier arbitration. The requested arbitration was not about district court's confirmed award and also not about the issues that have already been addressed by previous arbitration as advertised by Aspri on several occasions misguiding the judges hearing the case. It is not Aspri, not Kalakonda and not the court that decides arbitrability or *res judicata* of the issues presented for arbitration but the arbitrator who has been chosen by the parties for arbitration.

Kalakonda's have requested the named arbitrator in the lease to conduct arbitration who recused himself because he handled the first arbitration and directed the parities to AAA arbitration. Kalakondas filed for arbitration with AAA, which after careful and thorough review have accepted the case and initiated the arbitration process and gave deadlines to Kalakondas and Aspri to file claims and counter claims. If there are no claims, no fee has to be paid.

After the confirmation of the award, Kalakondas have filed their first ever motion by setting a hearing with the court, to reconsider its decision to confirm the arbitration award. During the same hearing Aspri brought the amended petition to obtain a TRO to restrain Kalakondas from filing arbitration as per the lease but to file all the disputes in the Bexar County district court, though parties are bound by arbitration clause. Aspri also wanted to restrain Kalakondas from setting a hearing though they had set only one hearing (current one) and declare Kalakonda's as vexatious litigants though they never filed any suit against anyone in the whole country except coming to the court as and when Aspri notifies us to come to the court. Aspri never consulted Kalakondas to find out if a hearing date is workable or not. Essentially the TRO is to restrain their basic rights to seek justice and to delay

the arbitration at any cost. The Honorable court has simply denied Aspri's motion for TRO point-blank.

At this time having been denied a TRO by the district court, Aspri resorted to tricks by filing a new petition with a new cause number but with the same relief as in the denied petition/motion. Aspri expected that a new judge will look at it (as the judges are assigned on availability basis), in the district court and give a favorable result. Aspri did not formally notify the Kalakonda's about the TRO hearing though there was enough time and the hearing was pre planned well ahead, notified the wrong time to come to the court by email a day before. Kalakonda could not attend the hearing, no court reporters record was requested and the TRO was obtained *ex-parte* without citing any irreparable damage. The TRO lacked basic information of a TRO. This is cause number 2015-CI-01910(C2). Aspri immediately within minutes communicated the TRO to AAA and asked for stay of the arbitration proceedings.

In the next hearing of the cause C2, another judge heard the case and questioned the legality of Aspri's argument to file the disputes regarding a lease that is subject to arbitration in Bexar County courts and strongly questioned the logic of *res-judicata* argument of Aspri. Sensing that she may deny the TRO, Aspri suggested going back to the same judge, Honorable Karen Pozza who confirmed the arbitration award for clarification on her judgement. The judge suggested the parties to approach Judge Pozza within 30 days for a clarification on her arbitration confirmation if it included other arbitrable disputes that occurred after the first arbitration was completed.

Thirty days have passed and Aspri had no intent to setup a hearing as their sole intent is to delay the arbitration as long as possible at any cost and let Kalakondas lose the arbitration fee paid. Hence, Kalakonda's have requested a hearing to dissolve the TRO and a hearing was setup with Honorable Judge Karen Pozza. During the hearing, instead of asking for a clarification, Aspri requested for extension of TRO and the case was referred to the appeals court. Essentially Kalakonda's were compelled to move to appeals court for moving ahead with the arbitration. The same court that initially denied the same TRO point blank has issued the TRO though nothing has since been changed except that a new cause was opened to bypass the current judge.

The district court, instead of making a decision on *res judicata* claims of Aspri as that is the court that confirmed the award has ambiguously extended the TRO and passed its responsibility to the appeals court. Kalakonda's have requested "Finding of Facts and Conclusion of Law" from the court and also sent a past due notice for FoF and CoL and are awaiting a response from court.

The cause C2 is a child of C1 and got back and merged with parent C1 for the reasons explained above. As the parties are same and the issues and underlying artifacts are same and interwoven, we request the court to treat these two causes as one cause with main cause being C1 for the purpose of appeal.

CC:                                              Sincerely,

Ms. Donna Kay McKinney                _____
Bexar County District Clerk
(*via* electronic filing)                      /sd/ Latha Kalakonda

                                                 Hari Prasad Kalakonda
                                                 Latha Kalakonda

# CERTIFICATE OF SERVICE

We certify that on May 21, 2015, a true and correct copy of this letter was served on the following counsel of record via Eservice.

Michael D. Conner
Hirsch & Westheimer PC
1415 Louisiana, 36th Floor
Houston, TX 77002

Mr. Frederick L. Fuhr,
The Fuhr Law Firm
107 Landing Blvd., Suite F
League City, Texas 77573

Mr. Eric Lipper
Hirsch & Westheimer PC
1415 Louisiana, 36th Floor
Houston, Texas 77002

/sd/ Latha Kalakonda
Appellants
Hari Prasad Kalakonda and
Latha Kalakonda

Ms. Donna Kay McKinney (*via* electronic filing)
Bexar County District Clerk